IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER A. BERNARD, et al. | : | |
| | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO. 23-1463 |
| v. | : | |
| | : | |
| HON. PHILLIP A. IGNELZI, *et al*. | : | |
| | : | |
| *Defendants* | : | |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

**NOW COMES DEFENDANT**, the Honorable Philip A. Ignelzi, by and through his undersigned counsel, and files this Motion to Dismiss Plaintiffs' Amended Complaint, averring in support thereof as follows:

1. Plaintiffs Walter and Wynton Bernard were defendants in a commercial landlord-tenant matter proceeding before the Allegheny County Court of Common Pleas. A Notice of Judgment against the federal Plaintiffs was sent out on July 24, 2020, and the Bernards' subsequent Petition to Open or Strike Judgment, their appeal to the Pennsylvania Superior Court, and their Petition for Allowance of Appeal and Application for Reconsideration to the Pennsylvania Supreme Court were all unsuccessful. *Id*. In sum, a judgment was entered against

1

the federal Plaintiffs in July 2020, and by December 20, 2022, that judgment had become absolute.

2. While the federal Plaintiffs' appeals were pending, post-judgment discovery in aid of execution was allowed to proceed. Perry Highway Management, LLC ("Landlord") served the federal Plaintiffs with written discovery requests, which the federal Plaintiffs studiously ignored. As a result, Landlord was forced to file numerous Motions for Sanctions against the federal Plaintiffs, all of which were granted. The Court's April 27, 2023 Order specifically stated that "[f]ailure to comply with this Order will result in both Walter Bernard and Wynton Bernard being held in Contempt of Court and being taken into custody by the Allegheny County Sheriff's Office and lodged at the Allegheny County Jail until such time as they purge themselves of Contempt."

3. Despite this clear warning, the discovery deadline came and went with no response from the federal Plaintiffs. In accordance with the Court's April 27, 2023 Order, the Allegheny County Sheriff's Office was sent to retrieve Plaintiffs on May 3, 2023. However, instead of having Plaintiffs lodged in the Allegheny County Jail, Judge Ignelzi ordered that Plaintiff Walter Bernard be brought to his courtroom. Following a hearing at which Mr. Bernard was given the option to either answer Landlord's discovery requests or pay the outstanding judgment

against him, the Court entered an Order giving Walter Bernard one final chance to provide the requested discovery before a warrant was issued for his arrest.

4. Again, the deadline for Plaintiffs' discovery responses passed without word from Plaintiffs. In keeping with the Court's May 4, 2023 Order, a warrant was issued for Walter Bernard's arrest. After evading law enforcement for several months, Walter Bernard was eventually apprehended on August 9, 2023, and a contempt hearing was scheduled for August 21, 2023.

5. After Walter Bernard's arrest but before his contempt hearing, Plaintiffs filed the present action seeking monetary damages plus injunctive and declaratory relief for Judge Ignelzi's alleged violation of their constitutional rights.

6. The contempt hearing before Judge Ignelzi took place shortly thereafter, during which Walter Bernard agreed to settle the case. As such, the contempt was purged, and Mr. Bernard was released from incarceration.

7. On November 28, 2023, Plaintiffs filed the Amended Complaint currently before this Court, in which they name new defendants and raise new claims against Judge Ignelzi.

8. As set forth more fully in the accompanying Brief, the Eleventh Amendment bars Plaintiffs' official capacity claims against Judge Ignelzi.

9. When named in an official capacity, Judge Ignelzi is not a "person" subject to suit under 42 U.S.C. § 1983.

10. Plaintiffs' state law claims are barred by sovereign immunity.

11. Plaintiffs' individual capacity claims against Judge Ignelzi are barred by the doctrine of absolute judicial immunity.

12. This Court should abstain from exercising jurisdiction pursuant to *Younger v. Harris*.

13. Finally, Plaintiffs' request for injunctive relief has been rendered moot.

14. Given the nature of the aforementioned defenses, leave to amend would be futile.

**WHEREFORE**, Defendant Judge Ignelzi respectfully requests that this Court enter an Order in the form attached hereto, dismissing Plaintiffs' Amended Complaint, with prejudice.

Respectfully submitted,

s/Megan Mallek
MEGAN MALLEK, ESQUIRE
Attorney I.D. No. PA 321341
GERI ROMANELLO ST. JOSEPH
Attorney I.D. No. PA 84902
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486