IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER A. BERNARD *and* WYNTON BERNARD,<br><br>*Plaintiffs*,<br><br>v.<br><br>PHILLIP A. IGNELZI *in his official and individual capacity*,<br><br>*Defendant*. | Civil Action No. 2:23-cv-1463<br><br>Hon. William S. Stickman IV |

## ORDER OF COURT ON MOTION FOR PRELIMINAY INJUNCTION

On August 12, 2023, Plaintiffs Walter A. Bernard and Wynton Bernard initiated this action by Verified Complaint ("Complaint") in the United States District Court for the Eastern District of Pennsylvania. (ECF No. 1). The Complaint alleged a number of federal and state causes of action against Defendant Phillip A. Ignelzi ("Defendant Ignelzi"), a judge of the Court of Common Pleas of Allegheny County, Pennsylvania.

Plaintiffs also filed a Motion for Temporary Restraining Order and/or Preliminary Injunction ("Motion") (ECF 1-1) which sought to restrain Defendant Ignelzi from "requiring Plaintiffs from [sic] disclosing their personal financial information as they have a heighted [sic] privacy right in their personal statement and Federal Tax Returns." (Id. at ¶5). The Motion also sought to restrain Defendant Ignelzi from:

> 1) requiring the unlawful restraint of Plaintiffs' liberty interest in violation of the 14th Amendment, 2) requiring Plaintiffs to settle a civil case without the ability to negotiate the settlement amount as a condition of their liberty interest. 3) Prevent Defendant's agents from arriving at Plaintiffs' residence for the purposes of harassment such as giving them the middle finger for the purposes of harassment. 4) Any other relief this Court deems proper.

1

(Id. at p. 3). Plaintiff Walter Bernard, an attorney, had been arrested upon a warrant issued by Defendant Ignelzi for his alleged refusal to comply with court orders relating to discovery in aid of execution that had been served upon him and Defendant Wynton Bernard in a state court civil matter, *9795 Perry Highway Management, LLC v. Walter Bernard, et al.*, GD 20-007843.

The case was transferred to this Court *sua sponte* on August 15, 2023. The Court scheduled a hearing on Plaintiffs' request for preliminary injunction for August 24, 2023. (ECF No. 7). After being unable to contact Plaintiffs (and with Plaintiff Walter Bernard being incarcerated), the Court continued the hearing and ordered Plaintiffs to file supplemental briefing as to whether the Court was preempted from exercising jurisdiction by the doctrine enunciated in *Younger v. Harris*, 401 U.S. 37 (1971) and applied to state-court contempt proceedings by *Juidice v. Vail*, 430 U.S. 327 (1977). Plaintiffs moved for an extension of time to file their brief on three occasions. (ECF Nos. 9, 12, and 15). In granting the third extension, the Court directed Plaintiffs to brief whether the release of Plaintiff Walter Bernard rendered the request for injunction moot. Ultimately, they filed their brief on November 13, 2023 (ECF No. 18) and Defendant Ignelzi responded on November 30, 2023. (ECF No. 25).

Plaintiffs filed a First Amended Complaint ("Amended Complaint") on November 28, 2023. (ECF No. 23). It asserts a number of claims against a number of defendants, including Defendant Ignelzi, Allegheny County, Orlando Harper, and seven John Doe defendants. Although the docket raises questions as to whether Plaintiffs appropriately effectuated service on the Defendants, Defendant Ignelzi filed a Motion to Dismiss

Plaintiffs' Amended Complaint ("Motion to Dismiss") on December 12, 2023. (ECF No. 26).

This Order addresses only Plaintiffs' request for preliminary injunctive relief against Defendant Ignelzi. The Court holds that request is moot due to changed circumstances since it was filed. An examination of Plaintiffs' Motion and supporting brief show that the request for injunctive relief inextricably relates to the contempt proceedings before Defendant Ignelzi that, themselves, relate to the efforts of Plaintiffs to secure discovery in aid of execution in the underlying state court action. A review of the docket of that case[1] demonstrates that (1) by August 25, 2023 Order, Defendant Ignelzi recognized that Plaintiff Walter Bernard had purged himself of his contempt and ordered him released from the Allegheny County Jail; and (2) that Plaintiffs had satisfied the judgment in the underlying case. Plaintiff Walter Bernard is, therefore, no longer being held in contempt, no longer incarcerated, and due to the state of the underlying case, not reasonably likely to be in that situation again. The change of circumstances renders his request for preliminary injunctive relief moot. The Court, therefore, denies the Motion.

The Court notes that both parties briefed the issue of whether this Court should abstain from exercising its jurisdiction under the *Younger* doctrine. The Amended Complaint appears to broaden the claims and issues before the Court. The Court will defer any determination as to the application of the *Younger* doctrine until its determination of Defendant Ignelzi's Motion to Dismiss (and any motions that are filed by the other Defendants).

---

[1] Courts are permitted to take judicial notice of docket entries filed in separate litigation proceedings. *FCS Capital LLC v. Thomas*, 579 F.Supp.3d 635,647 (E.D.Pa. 2022), See also, *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1200 (3d. Cir. 1991).

AND NOW, this 13th day of December 2023, for the reasons set forth herein, IT IS HEREBY ORDERED that Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 1-1) is DENIED AS MOOT.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE