# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER A. BERNARD, *et al.* : | |
| : | CIVIL ACTION |
| *Plaintiffs* : | |
| : | NO. 23-1463 |
| v. : | |
| : | |
| HON. PHILLIP A. IGNELZI, *et al.* : | |
| : | |
| *Defendants* : | |

## JUDICIAL DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

NOW COME DEFENDANTS, the Honorable Philip A. Ignelzi and the Honorable Mary C. McGinley ("Judicial Defendants"), by and through their undersigned counsel, and file this Brief in Support of their Motion to Dismiss Plaintiffs' Second Amended Complaint, averring in support thereof as follows:

## I) FACTUAL BACKGROUND

Plaintiffs Walter and Wynton Bernard were defendants in a commercial landlord-tenant matter proceeding before the Allegheny County Court of Common Pleas. Second Amended Complaint ("SAC"), ¶ 15; *see also* Docket Sheet, *9795 Perry Highway Management, LLC v. Walter Bernard, et al.,* No. GD 20-007843, attached as Exhibit "A."[1] A Notice of Judgment against the federal Plaintiffs was

---

[1] This Court may take judicial notice of state court dockets, orders, and opinions. *M & M Stone Co. v. Commonwealth*, 388 Fed. Appx. 156, 162 (3d Cir. 2010).

sent out on July 24, 2020, and the Bernards' subsequent Petition to Open or Strike Judgment, their appeal to the Pennsylvania Superior Court, and their Petition for Allowance of Appeal and Application for Reconsideration to the Pennsylvania Supreme Court were all unsuccessful. *Id*. In sum, a judgment was entered against the federal Plaintiffs in July 2020, and by December 20, 2022, that judgment had become absolute.

While the federal Plaintiffs' appeals were pending, post-judgment discovery in aid of execution was allowed to proceed. SAC, ¶¶ 58-66. 9795 Perry Highway Management, LLC ("Landlord") served the federal Plaintiffs with written discovery requests, which the federal Plaintiffs studiously ignored. As a result, Landlord was forced to file numerous Motions for Sanctions against the federal Plaintiffs, all of which were granted. *See* Orders dated July 6, 2022; February 21, 2023; and April 27, 2023, attached as Exhibit "B." The Court's April 27, 2023 Order specifically stated that "[f]ailure to comply with this Order will result in both Walter Bernard and Wynton Bernard being held in Contempt of Court and being taken into custody by the Allegheny County Sheriff's Office and lodged at the Allegheny County Jail until such time as they purge themselves of Contempt." *Id*.; *see also* SAC, ¶ 81.

Despite this clear warning, the discovery deadline came and went with no response from the federal Plaintiffs. In accordance with the Court's April 27, 2023

Order, the Allegheny County Sheriff's Office was sent to retrieve Plaintiffs on May 3, 2023. SAC, ¶¶ 85-86. However, instead of having Plaintiffs lodged in the Allegheny County Jail, Judge Ignelzi ordered that Plaintiff Walter Bernard, who was acting as counsel for both himself and his brother, be brought to his courtroom. SAC, ¶¶ 93-97. Following a hearing at which Mr. Bernard was given the option to either answer Landlord's discovery requests or pay the outstanding judgment against him, the Court entered an Order giving Walter Bernard one final chance to provide the requested discovery before a warrant was issued for his arrest. SAC, ¶ 99-107; *see also* May 4, 2023 Order, attached as Exhibit "C."

Again, the deadline for Plaintiffs' discovery responses passed without word from Plaintiffs. In keeping with the Court's May 4, 2023 Order, a warrant was issued for Walter Bernard's arrest. *See* May 16, 2023 Order, attached as Exhibit "D." After evading law enforcement for several months, Walter Bernard was eventually apprehended on August 9, 2023, and a contempt hearing was scheduled for August 21, 2023. SAC, ¶¶ 116, 143; *see also* Exhibit "A"; *see also* Plaintiffs' "Motion for Reconsideration," Superior Court Case No. 352 WDA 2023, in which Walter Bernard admits to evading law enforcement after the warrant was issued for his arrest, attached as Exhibit "E."

After Walter Bernard's arrest but before his contempt hearing, Plaintiffs filed the present action seeking monetary damages plus injunctive and declaratory

relief for Judge Ignelzi's alleged violation of their constitutional rights. *See* Complaint, Doc. 1. Then, on August 18, 2023, Walter Bernard's counsel presented Defendant Judge Mary McGinley with an emergency petition that had been filed two days prior seeking Mr. Bernard's immediate release from incarceration. SAC, ¶ 144. After reviewing the petition and speaking with Defendant Judge Ignelzi, Judge McGinley denied Mr. Bernard's emergency petition. SAC, ¶¶ 145-147.

The contempt hearing before Judge Ignelzi took place on August 21, 2023, during which Walter Bernard agreed to settle the case by paying a portion of the judgment against him. SAC, ¶¶ 150-152. As such, the contempt was purged, and Mr. Bernard was released from incarceration. *See* Exhibit "A."

On February 2, 2024, Plaintiffs filed the Second Amended Complaint that is currently before the Court. As set forth below, Plaintiffs' Second Amended Complaint is without merit and must be dismissed.

## II)  QUESTIONS PRESENTED

(1)  Are Plaintiffs' official capacity claims against Judge Ignelzi and Judge McGinley barred by the Eleventh Amendment?

**Suggested Answer:**     **Yes.**

(2) Should Plaintiffs' official capacity claims against Judge Ignelzi and Judge McGinley be dismissed because they are not "persons" under 42 U.S.C. § 1983?

    **Suggested Answer:**     **Yes.**

(3) Are Plaintiffs' state law claims barred by sovereign immunity?

    **Suggested Answer:**     **Yes.**

(4) Are Plaintiffs' individual capacity claims against Judge Ignelzi and Judge McGinley barred by the doctrine of absolute judicial immunity?

    **Suggested Answer:**     **Yes.**

(5) Are Plaintiffs' claims barred by the *Younger* abstention doctrine?

    **Suggested Answer:**     **Yes.**

(6) Is Plaintiffs' request for injunctive relief moot?

    **Suggested Answer:**     **Yes.**

(7) Is Plaintiff's request for declaratory relief improper?

    **Suggested Answer:**     **Yes.**

**III) ANALYSIS**

    **A) Plaintiffs' official capacity claims are barred by the Eleventh Amendment.**

Judge Ignelzi and Judge McGinley are presiding judicial officers of the Court of Common Pleas of Allegheny County, which is an entity of the Unified Judicial System of Pennsylvania pursuant to 42 Pa. C.S. §301(1), (2) and (4). As

such, under the law in this Commonwealth, Judge Ignelzi and Judge McGinley, in their official capacities, are fully entitled to the protection from suit in federal Court afforded by the Eleventh Amendment to the United States Constitution.

A suit against a state official in his or her official capacity is deemed a suit against the state. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  In such a circumstance, the real party in interest is the government entity of which the official is an agent. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).  Hence, by bringing suit against Judge Ignelzi and Judge McGinley in their official capacities, Plaintiffs are actually suing the Court over which they preside. The Court of Common Pleas is an entity of the Commonwealth of Pennsylvania, as the term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system," and "court" includes "any one or more of the judges of the court . . .." 42 Pa. C.S. § 102; Pa. Const. Art. V, § 1; *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000).

Absent a state's consent, all states and state entities are entitled to immunity under the Eleventh Amendment. *Lombardo v. Pennsylvania, Dept. of Public Welfare*, 540 F.3d 190, 194-95 (3d Cir. 2008).  Claims brought under 42 U.S.C. § 1983 are subject to the Eleventh Amendment. *Chilcott v. Erie Co. Domestic Relations*, 283 Fed.Appx. 8, 10 (3d Cir. 2008). Pennsylvania has not waived

sovereign immunity. Statutory law provides that the Commonwealth and its officials are immune from suit. 1 Pa. C.S. § 2310; 42 Pa. C.S. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). This immunity extends to the Pennsylvania Court system. *Benn v. First Judicial District*, 426 F.3d 233 (3d Cir. 2005) (the Third Circuit Court of Appeals held that the Philadelphia Court of Common Pleas is entitled to federal Eleventh Amendment immunity.)

Eleventh Amendment immunity protects an un-consenting state or state agency from a suit brought in federal Court regardless of the relief sought, and extends to employees and officials of an agency sued in their official capacities. *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180 (3d Cir. 2005).

In the present case, the conduct of which Plaintiffs complain pertains to the operation of the state judicial system and to the official duties of state court judges in a context where Plaintiffs encountered them in their judicial capacities. Under the circumstances, Judge Ignelzi and Judge McGinley are clearly immune from Plaintiffs' official capacity claims.

### B) Judicial Defendants, in their official capacities, are not "persons" under 42 U.S.C. § 1983.

A claim under Section 1983 must allege that "a person" committed a civil rights violation. *Callahan v. City of Philadelphia et al.*, 207 F.3d 668, 672 (3d Cir. 2000). As set forth above, when a state official is sued in an official capacity, the real party in interest is the government entity of which the official is an agent, even if it is not a named defendant. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). It is well settled that a state defendant sued in an official capacity is not "a person" under §1983 and cannot be held liable for damages. *Will v. Michigan Department of State Police*, 491 U.S. 58, 63 (1989). Because the suit against Judge Ignelzi and Judge McGinley in their official capacities is really a suit against the Court, there is no basis for a Section 1983 claim against them. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

### C) Sovereign immunity bars Plaintiffs' state law claims.

In addition to Eleventh Amendment immunity, under Pennsylvania law, entities, officers and employees of the Commonwealth government are entitled to sovereign and official immunity from lawsuits, such as the one before this Court, pursuant to the Sovereign Immunity Act, 42 Pa. C.S. § 8521 *et seq.; see also* 1 Pa. C.S. § 2310 ("Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their

duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity").

The Commonwealth has not validly waived sovereign immunity for any of Plaintiffs' claims. In this regard, although the state legislature has waived sovereign immunity in a limited number of circumstances,[2] this statutory waiver does not apply to the Unified Judicial System. *Russo v. Allegheny County*, 125 A.3d 113, 118 (Pa. Commw. 2015) ("Because sovereign immunity has not been waived with respect to the courts of the unified judicial system, we must conclude that the courts of the unified judicial system retain their sovereign immunity as related to tort claims."), *aff'd*, 150 A.3d 16 (Pa. 2016). As a result, the Unified Judicial System, and its officers and employees, retain sovereign immunity without exception. *Id.*

As set forth above, Judge Ignelzi and Judge McGinley are officers of the Unified Judicial System, which is a part of the Commonwealth government.

---

[2] Even if this waiver did apply to the Unified Judicial System, this case still would not fall under any of the enumerated circumstances in which immunity has been waived. In this regard, 42 Pa.C.S. § 8522 sets forth the ten (10) circumstances under which the Commonwealth has waived immunity: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, and control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse. Since none of these circumstances are applicable to the instant case, immunity would nevertheless apply.

Accordingly, Plaintiffs may not maintain any of their state law claims against them, and said claims must therefore be dismissed.

### D) Plaintiffs' claims against Judicial Defendants are barred by the doctrine of absolute judicial immunity.

A judge is immune from liability for all actions taken in his or her judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Judicial immunity is not only immunity from damages, but also immunity from suit, and extends to claims for injunctive and declaratory relief. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Guarrasi*, 25 A.3d at 405 n. 11; *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Azubuko*, 443 F.3d at 304; *Corliss v. O'Brien*, No 05-0347, 2005 WL 2334792 (M.D. Pa. 2005), *aff'd*, 200 F. App'x 80 (3d Cir. 2006). Judicial immunity applies to state law claims as well as federal law claims. *See Guarrasi, supra.*

A "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356. Further, judicial immunity is not forfeited because a judge committed "grave procedural errors," or because a judge has conducted a proceeding in an "informal or ex parte" manner. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000). Immunity will not be lost merely because the judge's actions were unfair or

controversial. *Id*. A judge is immune even if the acts were committed during an alleged conspiracy, as is alleged here. *Dennis v. Sparks*, 449 U.S. 24 (1980).

A judge is immune from liability when: (1) the judge had jurisdiction over the subject matter before him; and (2) he was performing a judicial act. *Stump*, 435 U.S. at 349. In fact, the only time a judge will be subject to liability is for actions taken "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356. The jurisdictional inquiry is not limited to jurisdiction over a single case, but extends to a Court's jurisdictional parameters. *Id*. at 357-59.

Here, Plaintiffs' allegations boil down to the contention that Judge Ignelzi improperly held Walter Bernard in contempt for his failure to respond to post-judgment discovery, and Judge McGinley failed to grant his petition seeking release from incarceration. As judges for the Allegheny County Court of Common Pleas, it is beyond debate that Judicial Defendants were within their jurisdiction to hear, rule upon, and enter orders in the underlying landlord-tenant case. *See* 42 Pa.C.S. § 931(a) ("courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas."); *see also Stump*, 435 U.S. at 357-59 (the jurisdictional inquiry is not limited to jurisdiction over a single case, but is based on a Court's jurisdictional parameters). Further, there can be no question that the acts of holding a litigant in contempt and ruling

on an emergency petition are acts that are judicial in character. Therefore, Judge Ignelzi and Judge McGinley are absolutely immune from suit, and Plaintiffs' claims against them must be dismissed.

    **E)    This Court should abstain from exercising jurisdiction pursuant to the *Younger* abstention doctrine.**

As set forth more fully in Defendant Ignelzi's November 30, 2023 Brief, the *Younger* abstention doctrine requires a federal court to abstain from hearing a case if: 1) an on-going state court proceeding exists; 2) the state proceeding implicates important state interests; and 3) the state proceeding affords an adequate opportunity to raise federal claims. *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003). The United States Supreme Court in *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) clarified that *Younger* abstention is limited to three categories of state proceedings: (1) ongoing state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions. 571 U.S. 69, 78 (2013). Contempt orders fall under this third category. *See Juidice v. Vail*, 430 U.S. 327, 335, 336, n. 12 (1977) ("[A] State's interest in the contempt process, through which it vindicates the regular operation of its judicial system, so long as that system itself affords the opportunity to pursue federal claims within it, is surely an important interest…"). "Once a party has

appeared in state court and has had 'an opportunity to present [its] federal claims in the state proceedings,' a federal court normally should refrain from hearing the claims." *Anthony,* 316 F.3d at 419 (citing *Juidice*, 430 U.S. at 337).

This case is clearly ripe for *Younger* abstention. Plaintiffs' appeal of Judge Ignelzi's May 16, 2023 contempt Order is still pending before Pennsylvania's Superior Court, and thus, the state court proceedings are ongoing. *See 9795 Perry Highway Management, LLC v. Walter Bernard, et al.,* 754 WDA 2023 (Pa. Super.). The state court proceedings clearly implicate important state interests, i.e., the state court's ability to enforce its own discovery orders. *See Juidice, supra.* Finally, as Plaintiffs themselves have previously admitted, the state court proceedings provide an opportunity to address Plaintiffs' federal claims. *See* Doc. 18, p. 8; *see also Gonzalez v. Waterfront Comm'n of N.Y. Harbor*, 755 F.3d 176, 184 (3d Cir. 2014) (holding that state law must "clearly bar" the chance to raise federal claims). *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (holding that a federal Court should assume that state Court appellate proceedings will afford an adequate remedy for federal claims). Because these prerequisites have been met, and because civil contempt orders fall within the categories of cases for which *Younger* abstention applies, this Court should abstain from exercising jurisdiction.

### F)     Plaintiffs' request for injunctive relief has been rendered moot.

Plaintiffs' original Complaint sought injunctive relief in the form of Plaintiff Walter Bernard's release from incarceration. *See* Doc. 1. When asked to clarify whether the requested relief was rendered moot by virtue of Walter Bernard's release from incarceration, Plaintiffs doubled down, asserting that because they had appealed Judge Ignelzi's contempt order, there was still a chance that Judge Ignelzi could again have Walter Bernard jailed in the future. *See* Doc. 18.

Plaintiffs kept their request(s) for injunctive relief in their Second Amended Complaint, though the exact parameters of their requested relief are vague and ill-defined. *See* SAC, Counts VIII, X, and "Prayer for Relief." Based on averments from their prior Brief, it appears they are still seeking injunctive relief in the form of this Court preventing Judge Ignelzi from jailing Plaintiff Walter Bernard again. *See* Doc. 18.

A federal court may resolve a particular dispute only if the parties have a real interest in the outcome of that dispute. Otherwise, the case is moot, and must be dismissed. *Hamilton v. Bromley*, 862 F.3d 329, 334-335 (3d Cir. 2017). A case must present a live controversy throughout the entire course of the litigation. This principle, predicated upon Article III of the Constitution, as well as upon prudential concerns, assures that throughout all stages of the litigation, a case

retains both a concrete adversariness between the parties and remediability by the court. *Jersey Central Power v. State of New Jersey*, 772 F.2d 35 (3d Cir. 1985). A claim that does not present a justiciable case or controversy must be dismissed. *Golden v. Zwickler*, 394 U.S. 103 (1969).

Plaintiffs previously alleged that the current case is not moot because their appeal of the March 16, 2023 contempt order is still pending before the Superior Court, and therefore, Judge Ignelzi could have them incarcerated again at any time. *See* Doc. 18. As set forth in Judge Ignelzi's November 30, 2023 Brief, this argument ignores the actual facts of this case. When this matter is viewed in light of the public record, it is clear that Walter Bernard's incarceration was the result of his own vexatious and dilatory behavior. Defendant Ignelzi issued a clear, unequivocal order: Plaintiff could respond to the post-judgment discovery requests that he had spent the last year ignoring, or he would be found in contempt and jailed until the contempt was purged. *See* Exhibit "C." Because of Mr. Bernard's own failure to comply with this Order, he was found to be in contempt of court, was incarcerated as promised, and was then released once he agreed to settle the matter with his adversary. All the conditions of Judge Ignelzi's order have therefore been met; the contempt has been purged, Walter Bernard has been released, and there is no current, ongoing dispute between the parties.

Plaintiffs' appeal of the May 16, 2023 contempt order does not alter these

facts. Even in the unlikely event the appellate courts choose to overturn Defendant Ignelzi's order finding Walter Bernard in contempt, the issue that gave rise to the finding of contempt – i.e., Plaintiffs' continued failure to respond to discovery – is already settled. At this point in time, the Plaintiffs and Judge Ignelzi are not in a concrete, adversarial position. *If* the matter is remanded for further proceedings, and *if* Plaintiffs again choose to ignore Judge Ignelzi's lawful orders, and *if* Judge Ignelzi again determines that Plaintiffs are in contempt, then that will be a separate issue than the one that gave rise to the present proceedings. But this entirely speculative set of events is insufficient to create a conflict that exists in the present. Because there is no live case or controversy between Plaintiffs and Judge Ignelzi, their request for injunctive relief has been rendered moot.

### G) **Plaintiffs' request for declaratory relief is improper.**

In Count I of their Second Amended Complaint, Plaintiffs seek a declaration from this Court that: (i) an unlawful conspiracy existed between Judges Ignelzi and McGinley that violated Plaintiff Walter Bernard's civil rights; (ii) that the decision to arrest Walter Bernard, along with the events of the contempt hearing against him, violated his civil rights; and (iii) that all pending actions in the Superior Court of Pennsylvania be dismissed. SAC, Count I.

The remedy of declaratory relief is prospective in nature. *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 628 (3d Cir. 2013). Under the Uniform

Declaratory Judgment Act of 1922, § 2, the purpose of a declaratory judgment is to declare parties' "rights, status or other legal relations . . . [as] affected by statute, municipal ordinance, contract or other franchise." Declaratory relief is "inappropriate solely to adjudicate past conduct." *Corliss v. O'Brien*, 200 Fed. Appx. 80, 84 (3rd Cir. 2006) (citing *Gruntal & Co., Inc. v. Steinberg,* 837 F.Supp. 85, 89 (D.N.J.1993)); *see also Capozzi v. Bledsoe*, 560 F. App'x 157, 159 (3d Cir. 2014) ("[Plaintiff] cannot obtain declaratory relief for past alleged wrongs."). In *Corliss*, the Third Circuit determined that the plaintiff was "not seeking declaratory relief in the true legal sense" by asking the court to "declare that his constitutional rights were violated." 200 Fed. Appx. at 84.

As in *Corliss*, Plaintiffs do not seek declaratory relief in the true legal sense. They do not ask this Court to declare the parties' rights or legal relations as affected by statute, municipal ordinance, or contract. Rather, they ask this Court to pass judgment on Judicial Defendants' past judicial actions in the state case over which they presided. Declaratory relief is not appropriate for this purpose.

**IV) CONCLUSION**

Based on the foregoing arguments and authorities, Judicial Defendants respectfully request that this Court enter an Order in the form attached hereto, dismissing Plaintiffs' Second Amended Complaint, with prejudice.

Respectfully submitted,

**s/Megan Mallek** _____
MEGAN MALLEK, ESQUIRE
Attorney I.D. No. PA 321341
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER A. BERNARD, *et al.* : | |
| : | CIVIL ACTION |
| *Plaintiffs* : | |
| : | NO. 23-1463 |
| v. : | |
| : | |
| HON. PHILLIP A. IGNELZI, *et al.* : | |
| : | |
| *Defendants* : | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on February 16, 2024, she personally caused to be served upon the following a true and correct copy of the foregoing *Motion to Dismiss and Brief in Support of the Motion* via CM/ECF to all counsel of record.

/s/Megan Mallek
**MEGAN MALLEK**
Attorney I.D. No. PA321341
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486