IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER A. BERNARD, *et al.* | : | |
| | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO. 23-1463 |
| v. | : | |
| | : | |
| HON. PHILLIP A. IGNELZI, *et al.* | : | |
| | : | |
| *Defendants* | : | |

### JUDICIAL DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

**NOW COME DEFENDANTS**, the Honorable Philip A. Ignelzi and the Honorable Mary C. McGinley ("Judicial Defendants"), by and through their undersigned counsel, and file this Reply in further Support of their Motion to Dismiss Plaintiffs' Second Amended Complaint, averring in support thereof as follows:

### I) FACTUAL BACKGROUND

Plaintiffs' response to Judicial Defendants' Motion to Dismiss concedes that a number of Judicial Defendants' defenses are valid. They argue, however, that Judicial Defendants are not entitled to judicial immunity because, at the time of the events giving rise to this action, Plaintiffs had filed an appeal of a trial court discovery order, which then divested the trial court of exercising jurisdiction over

1

the case. They argue that because of this appeal, Judge Ignelzi acted in the clear absence of jurisdiction when he held Plaintiff Walter Bernard in contempt, and Judge McGinley acted in the clear absence of jurisdiction when she upheld that order. *See Plaintiffs' Brief in Opposition,* Doc. 54, §II(4).

Plaintiffs further argue that, despite the pending appeal of Judge Ignelzi's contempt order, *Younger* abstention does not apply here because "[t]he underlying case ended once it was settled…[t]hus, there is no on-going state proceeding which aligns with the federal case." Doc. 54, §II(5). Specifically, they argue that the appeal currently pending with the Superior Court does not afford Plaintiffs an adequate opportunity to raise their federal claims because Judicial Defendants are not parties to the underlying state court case. *Id*.

As set forth below, Plaintiffs contentions lack merit on both fronts.

II) **ARGUMENT**

    A) **Plaintiffs' appeal in their state court case does not alter the judicial immunity analysis.**

As set forth in Judicial Defendants' Motion to Dismiss, judges are immune for all actions taken in their judicial capacity, so long as they are not acting in the complete absence of all jurisdiction. *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). This jurisdictional inquiry is not limited to jurisdiction over a particular case, but rather, is based on the jurisdictional parameters of the court as a whole.

2

*Stump v. Sparkman*, 435 U.S. 349, 357-59 (1978). The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. *Id*. at 356. The erroneous manner in which a court's jurisdiction is exercised does not make the act any less a judicial act, nor does it render the judge liable for damages in a federal suit. *Id*. at 359.

Where a court has "some subject matter jurisdiction," there is sufficient jurisdiction for immunity purposes. *Figueroa v. Blackburn*, 208 F.3d 435, 444 (3d Cir. 2000) (judge who entered procedurally improper contempt order still entitled to immunity). Notably, the filing of an appeal does not divest a court of subject matter jurisdiction, and a judge does not act in the clear absence of jurisdiction when that judge later acts after an appeal was taken. *See Thomas v. Schlegel*, 2015 U.S. Dist. LEXIS 17179 (E.D. Pa. 2015); *see also Dellenbach v. Letsinger*, 889 F.2d 755, 760 n.6 (7th Cir. 1989) (collecting cases); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.) (holding that judge who issued a civil contempt order after a notice of appeal had been filed acted, at most, in excess of his jurisdiction, but not in clear absence of all jurisdiction), *cert. denied*, 497 U. S. 995, 109 S. Ct. 561, 102 L. Ed. 2d 587 (1988).

Based on the above, it is clear that Plaintiffs' arguments in this regard are misguided. Both Judge Ignelzi and Judge McGinley are judges of the Allegheny County Court of Common Pleas. In that capacity, they had jurisdiction over the

Plaintiffs' underlying landlord-tenant case. *See* 42 Pa.C.S. § 931(a) ("courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas."). Even ignoring the obviously frivolous nature of Plaintiffs' appeal, the fact remains that at most, Plaintiffs have pled that Judicial Defendants acted in excess of their jurisdiction, not in the complete absence of it. Accordingly, Judicial Defendants are entitled to immunity.

    **B)**     ***Younger*** **precludes this Court from exercising jurisdiction over this case.**

As set forth in Judicial Defendants' Motion to Dismiss, the *Younger* abstention doctrine requires a federal court to abstain from hearing a case if: 1) an on-going state court proceeding exists; 2) the state proceeding implicates important state interests; and 3) the state proceeding affords an adequate opportunity to raise federal claims. *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003). Plaintiffs here attempt to argue that *Younger* does not apply to the present action because Judicial Defendants are not parties to the underlying state court case, and therefore, any relief the Superior Court grants related to Plaintiff's pending appeal would not be specifically entered against Judicial Defendants. This argument reads a requirement into the *Younger* analysis that simply does not exist.

Plaintiffs cite no authority for the proposition that a federal defendant must be a party to the state court proceedings before *Younger* can apply, because no such authority exists. To the contrary, Courts regularly defer to *Younger* where a federal plaintiff attempts to sue the judge(s) who oversaw their state court cases, despite those judges not being parties to the cases themselves. *See, e.g., Anthony v. Council,* 316 F.3d 412 (3d Cir. 2003); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 624 (E.D. Pa. 2014); *Gok v. United States*, 2023 U.S. Dist. LEXIS 108285 (E.D. Pa. 2023); *Lyman v. Phila. Court of Common Pleas*, 2017 U.S. Dist. LEXIS 100883 (E.D. Pa. 2017).

The relevant question here is whether the state court proceedings afford an adequate opportunity for Plaintiffs to raise their federal claims, not whether the state proceedings allow the federal Plaintiffs to procure monetary relief from the federal defendants. *See Gonzalez v. Waterfront Comm'n of N.Y. Harbor*, 755 F.3d 176, 184 (3d Cir. 2014) (holding that state law must "clearly bar" the chance to raise federal claims). Plaintiffs have already admitted that the Superior Court can address Plaintiffs' federal claims when considering their pending appeal. *See* Doc. 18, p. 8. That is all that *Younger* and its progeny require.

## III) CONCLUSION

Based on the foregoing arguments and authorities, Judicial Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiff's Second Amended Complaint and dismiss all claims levied against them, with prejudice.

Respectfully submitted,

<u>s/**Megan Mallek**</u>
MEGAN MALLEK, ESQUIRE
Attorney I.D. No. PA 321341
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486
***Counsel for Judicial Defendants***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER A. BERNARD, et al. | : |
| *Plaintiffs* | : CIVIL ACTION |
| | : |
| | : NO. 23-1463 |
| v. | : |
| | : |
| HON. PHILLIP A. IGNELZI, *et al.* | : |
| | : |
| *Defendants* | : |

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on March 15, 2024 she personally caused to be served upon the following a true and correct copy of the foregoing *Brief in Support of Judicial Defendants' Motion to Dismiss Second Amended Complaint*, via CM/ECF to:

Rodney Diggs, Esquire
Ivie McNeill Wyatt Purcell & Diggs
444 S. Flower Street, Suite 1800
Los Angeles, CA  90071
Email:  rdiggs@imwlaw.com
*Attorney for Defendant*

Walter A. Bernard, Esquire
Law Offices of Walter A. Bernard
100 S. Commons, Suite 102
Pittsburgh, Pa.  15212
Email:  walt@waltbernardlaw.com

Virginia Spencer Scott, Esquire
Philip Paul Roberts, Esquire
Allegheny County Law Department
445 Fort Pitt Blvd
Suite 300
Pittsburgh, PA 15219
Email: virginia.scott@alleghenycounty.us

S<small>EE SIGNATURE ON NEXT PAGE</small>

**s/Megan Mallek**
MEGAN MALLEK, ESQUIRE
Attorney I.D. No. PA 321341
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486
***Counsel for Judicial Defendants***
