IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WALTER A. BERNARD, and WYNTON A.
BERNARD

          Plaintiffs,

    v.

HON. PHILIP A. IGNELZI, *et al.*

          Defendants.

Civil Action

No. 2:23-CV-1463

## ALLEGHENY COUNTY DEFENDANTS' MOTION TO DISMISS 2ND AMENDED COMPLAINT

Pursuant to FED.R.CIV.P. 12(b)(1) and (6)  Defendants Allegheny County and Orlando Harper file this MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT.

1.     Plaintiffs Walter and Wynton Bernard (collectively the "Bernards") were defendants in a confession of judgment proceeding in the Court of Common Pleas of Allegheny County, (hereafter "State Court Case").   (ECF #43, ¶ 15, *Second Amended Complaint.*)  The docket for that case is found at ECF #50-2.

2.     The Bernard Plaintiffs attempted, unsuccessfully, to strike the judgment, and exhausted appellate with the Pennsylvania Supreme Court.  (ECF #50-2.)

3.     A final judgment was ultimately entered against the Bernard Plaintiffs.  (ECF #50-2.)

4.     While an appeal was pending (and continuing after appellate rights were exhausted) the Court of Common Pleas retained jurisdiction to conduct post-judgment discovery in aid of execution.  (*Id.*; ECF #43, ¶¶ 58-66, *2nd Amend. Complaint.*)

5.     The Bernard Plaintiffs violated post-judgment discovery orders issued by Judge Philip Ignelzi.  Judge Ignelzi's orders escalated in their warning to Plaintiffs that sanctions would be

issued, including contempt of court and jailing, if non-compliance continued.  (*Id.*; ECF #50-3, *State Court Case Orders.*) Eventually, Judge Ignelzi ordered the Sheriff's office to retrieve the Bernard Plaintiffs.  (ECF #43, ¶¶ 85-86, *2nd Amend. Complaint.*)

6.      On May 3, 2023, Sheriff deputies took Walter Bernard from his home and took him to Judge Ignelzi's courtroom for a hearing.  (*Id.*, ¶¶ 93-97.)

7.      On May 4, 2023, Judge Ignelzi ordered the Bernard Plaintiffs to answer outstanding discovery, and advised that if they failed to comply, Walter Bernard (who was serving as legal counsel for himself and his brother) would be "deemed to be in contempt of court.  At such time a warrant shall be issued for his arrest by the Allegheny County Sheriff's Department, and, upon apprehension, he shall be lodged at the Allegheny County Jail until such time as he purges himself of his contempt of court." (ECF #50-4.)

8.      The Bernard Plaintiffs did not comply with this order and on May 16, 2023, Judge Ignelzi found Walter Bernard in contempt of Court and issued a warrant for his arrest.  "Defendants shall be taken into custody by the Allegheny County Sheriff's Office **FORTHWITH** and lodged at the Allegheny County Jail." (ECF #50-5, emphasis original.)

9.      The Bernard Plaintiffs appealed the May 16, 2023, Order to the Superior Court of Pennsylvania, docket No. 754 WDA 2023.  That appeal is still pending.  The Superior Court docket is available to the public at: **PacDocketSheet (pacourts.us).** A copy of the Superior Court docket, current as of today, is attached to this Motion as Exhibit "A."

10.      The Allegheny County Sheriff arrested Walter Bernard on August 9, 2023.  He held at the Allegheny County Jail, pursuant to Judge Ignelzi's order.  (ECF #58, ¶¶ 116, 138, *2nd Amend. Complaint.*) Judge Ignelzi set a contempt hearing for August 21, 2023.  (ECF #50-2.)

11.     On August 1, 2023, the Bernard Plaintiffs filed this lawsuit against only Judge Ignelzi.  (ECF #1, *Complaint*.)

12.     On August 18, 2023, Walter Bernard filed an emergency petition with Court of Common Pleas Judge Mary McGinley, which sought his immediate release from Jail.  (ECF #50, *State Court Case Docket*; #58, ¶ 144, *2nd A. Complaint*.)   After speaking with Judge Ignelzi, Judge McGinley denied the petition (ECF #50*, State Court Case Docket*; ECF #58, ¶¶ 145-47, *2nd Amend. Complaint*.)

13.     At the August 21, 2023, hearing, Walter Bernard settled the State Court Case and wrote the plaintiff a check for $80,000. (ECF #58, ¶¶ 150-157, *2nd Amend. Complaint*.) Judge Ignelzi conditioned that Mr. Bernard remain at the Allegheny County Jail until it was proven that the check cleared. (*Id*., ¶¶ 43, 158.)

14.     On August 25, 2023, Judge Ignelzi issued an order that Mr. Bernard purged himself of contempt and ordered his release from Jail.[1]

15.     On February 2, 2024, the Bernard Plaintiffs filed a 2nd Amended Complaint, which consists of 19 counts.  Judge McGinley has been added as a defendant.  Additionally, Allegheny County, and Orlando Harper (former warden of the Allegheny County Jail) (collectively the "County Defendants") are now defendants, along with 20 John Doe Deputy Sheriff defendants.

16.     The Bernard Plaintiffs allege that during the litigation of the State Court Case, Judge Ignelzi, and to a lesser extent Judge McGinley, violated the Bernard Plaintiffs' civil rights.

17.     They further allege that at the behest of Judge Ignelzi, the Allegheny County Sheriff, and 20 "John Doe" deputy sheriffs, violated their civil rights.

---

[1] Nothing in the record states when this order was delivered to the Allegheny County Jail.

18.     The Bernard Plaintiffs also allege that Allegheny County is responsible for the actions of Judge Ignelzi, Judge McGinley, the Sheriff's Office, and or Sheriff deputies.

19.     The Allegheny County Defendants file this MOTION TO DISMISS for the following reasons.

20.     The 2nd Amended Complaint fails to set forth a cause of action upon which relief can be granted.

21.     The Allegheny County Sheriff and its deputies are legally independent entities from the County Defendants, and the County Defendants cannot be sued for their actions.

22.     The Judges of the Court of Common Pleas of Allegheny County are actors of the Commonwealth government, not local government, and the County Defendants cannot be sued for their actions.

23.     Warden Harper is entitled to absolute immunity given any actions he performed were as the Warden of the Allegheny County Jail enforcing a facially valid court order.

24.     This Court lacks subject matter jurisdiction (Rule 12(b)(1), pursuant to *Younger v. Harris,* 401 U.S. 37 (1971).

25.     The Plaintiffs are not entitled to declaratory relief.

26.     The Plaintiffs fail to satisfy the requirements for pleading conspiracy.

27.     There is no viable 13th Amendment violation.

28.     Counts 12, 16, and 18 fail because they do not rise to the level of a constitutional violation and, alternatively, they are state tort claims for which the Allegheny County Defendants have state tort immunity.

29.     The Section 1983 counts fail against Allegheny County because the alleged "state actors" are actors with the Allegheny County Sheriff or the State judicial system, not Allegheny County;

and in Warden Harper's case he did not engage in any illegal conducts.  Warden Harper's actions

were always non-actionable and/or within the scope of enforcing a facially valid court order.

30.     Plaintiffs' claims for injunctive relief are moot.

WHEREFORE, Defendants Allegheny County and Orlando Harper respectfully request

that their MOTION TO DISMISS be GRANTED and the Second Amended Complaint be dismissed

as to them WITH PREJUDICE.

Respectfully submitted,

*/s/ Virginia Spencer Scott*
Virginia Spencer Scott
Assistant County Solicitor
Pa. I.D. #61647

ALLEGHENY COUNTY LAW DEPARTMENT
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
(412) 350-1173
Virginia.Scott@alleghenycounty.us